*ROB BONTA*
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000
Telephone: (213) 269-6356
Facsimile: (916) 731-2119
E-Mail: Charles.Sarosy@doj.ca.gov

October 5, 2023

**By CM/ECF**
Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Boland, et al. v. Bonta*, Case No. 23-55276
Defendant-Appellant's Citation of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)

Dear Ms. Dwyer:

Defendant-Appellant submits this Rule 28(j) letter to notify the Court that the California Legislature passed and the Governor signed into law Senate Bill 452 (SB 452) (signed into law on September 26, 2023). The law will take effect on January 1, 2024.

SB 452 removes the microstamping requirement for new semiautomatic pistols from the definition of an "unsafe handgun" in Penal Code section 31910(b)(6).[1] Reply Br. 13, n.7. In other words, as of January 1, 2024, Penal Code section 31910 will no longer require a new semiautomatic pistol to satisfy the microstamping requirement before it can be added to the Roster of Certified Handguns. That requirement was the subject of litigation in the court below and was enjoined by the district court in the preliminary injunction order at issue in this appeal. 1-ER-3.

SB 452 also directs the California Department of Justice to evaluate the "technological viability" of microstamping by March 1, 2025, and upon an affirmative determination, the Department must determine by July 1, 2027 whether microstamping components or microstamping-enabled firearms are available for purchase in the State. If those preconditions are met, a semiautomatic pistol manufactured after January 1, 2028 must have microstamping capability before being sold by a firearms dealer.

---

[1] *See SB-452 Firearms (2023-2024)*, Cal. Legis. Info. (Oct. 5, 2023, 8:02 AM), https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202320240SB452.

October 5, 2023
Page 2

        Sincerely,

        */s/ Charles J. Sarosy*

        CHARLES J. SAROSY
        Deputy Attorney General

    For  ROB BONTA
        Attorney General

cc: All counsel of record (by CM/ECF)

SA2023301763

# ATTACHMENT

**Senate Bill No. 452**

CHAPTER 253

An act to amend Section 31910 of, and to add Sections 27531, 27532, 27533, 27534, 27534.1, and 27534.2 to, the Penal Code, relating to firearms.

[Approved by Governor September 26, 2023. Filed with Secretary of State September 26, 2023.]

LEGISLATIVE COUNSEL'S DIGEST

SB 452, Blakespear. Firearms.

Existing law, subject to exceptions, generally makes it an offense to manufacture or sell an unsafe handgun, as defined, and requires the Department of Justice to compile a roster listing all of the handguns that have been tested and determined not to be unsafe handguns. Existing law establishes criteria for determining if a handgun is an unsafe handgun, including, for firearms manufactured after a certain date and not already listed on the roster, the lack of a chamber load indicator, magazine disconnect mechanism, and technology that transfers a microscopic array of characters from the firearm to the cartridge case when the firearm is fired, known as a microstamp.

This bill would remove from the definition of an unsafe handgun a semiautomatic pistol without a microstamping component, as specified, and would prohibit, commencing on January 1, 2028, a licensed firearms dealer from selling, offering for sale, exchanging, giving, transferring, or delivering a semiautomatic pistol, as defined, unless the pistol has been verified as a microstamping-enabled pistol, if the department has determined that microstamping components or microstamping-enabled semi-automatic firearms are available, as specified. The bill would also prohibit a person from modifying a microstamping-enabled pistol or microstamping component with the intent to prevent the production of a microstamp. By creating new crimes, the bill would impose a state-mandated local program.

The bill would require the Department of Justice to provide written guidance concerning qualifying criteria and performance standards for microstamping components, as defined, if the department has determined that microstamping components are technologically viable, as specified, and would require the department to accept applications for licensure of entities in order to produce microstamping components, as specified.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

92

*The people of the State of California do enact as follows:*

SECTION 1. Section 27531 is added to the Penal Code, to read:

27531. The following terms have the following meanings for purposes of this article:

(a) "Microstamp" means a microscopic array of characters that may be used to identify the specific serial number of a firearm from spent cartridge casings discharged by that firearm.

(b) "Microstamping component" means a firing pin or other component part of a semiautomatic pistol that, when installed, produces a microstamp on at least one location of the expended cartridge case each time the pistol is fired.

(c) "Microstamping-enabled" means either of the following:

(1) The firearm's manufacturer has certified in writing that the firearm contains a microstamping component that meets the performance standards established by the Department of Justice pursuant to subdivision (b) of Section 27532.

(2) A licensed firearms dealer or gunsmith has certified in writing that they serviced the firearm to install a microstamping component that meets the performance standards established by the Department of Justice pursuant to subdivision (b) of Section 27532.

(d) "Producing microstamping components" may include, but is not limited to, the process of engraving a firing pin to modify the pin into a microstamping component.

(e) "Semiautomatic pistol" means a pistol, as defined in Section 16530, that has an operating mode that uses the energy of the explosive in a fixed cartridge to extract a fired cartridge and chamber a fresh cartridge with each single pull or activation of the trigger.

SEC. 2. Section 27532 is added to the Penal Code, to read:

27532. (a) On or before March 1, 2025, the Department of Justice shall engage in an investigation to determine the technological viability of microstamping components producing microstamps on spent cartridge casings discharged by a firearm into which the microstamping component has been installed. The investigation shall include input from relevant stakeholders.

(b) If the department has determined that microstamping components are technologically viable pursuant to subdivision (a), the department shall, on or before September 1, 2025, provide written guidance on performance standards for persons, associations, partnerships, corporations, or other entities engaged in the business of producing microstamping components, which shall include processes and standards for those entities to demonstrate that a representative sample of the microstamping components they manufacture produce legible microstamps with reasonable reliability, including after repeated firing.

(c) If the department has determined that microstamping components are technologically viable pursuant to subdivision (a), the department shall, on or before January 1, 2026, commence accepting applications for licensure

of persons, associations, partnerships, corporations, or other entities to engage in the business of producing microstamping components that meet those performance standards. A federally licensed firearms manufacturer shall not be required to obtain a license in order to manufacture microstamping components but shall comply with Section 27535 if it provides a certification that a firearm is microstamping-enabled.

(d) If the department has determined that microstamping components are technologically viable pursuant to subdivision (a), the department shall, on or before July 1, 2026, provide grants or enter into contracts with one or more entities licensed pursuant to subdivision (c) to produce microstamping components that meet the performance standards identified in subdivision (b) and to make those microstamping components available for sale or other distribution at a reasonable cost to firearm manufacturers, licensed firearms dealers, and gunsmiths engaged in the business of installing microstamping components in the State of California in accordance with this section.

(e) If the department has determined that microstamping components are technologically viable pursuant to subdivision (a), the department shall, on or before July 1, 2027, determine if either, or both, of the following are true:

(1) Microstamping components at commercially reasonable prices are available from licensees operating pursuant to subdivision (c) or subdivision (d).

(2) Options of microstamping-enabled firearms are readily available for purchase in the State of California.

(f) Upon a determination that microstamping components are available pursuant to paragraph (1) of subdivision (e) or that microstamping-enabled firearms are available pursuant to paragraph (2) of subdivision (e), the department shall make publicly available a list of all licensees producing microstamping components meeting the performance standards established in subdivision (b) and shall notify licensed firearms dealers, gunsmiths, and manufacturers operating within the State of California of the list of available microstamping component producers. The department shall update its determination and the list of licensees producing microstamping components annually thereafter.

(g) The department shall adopt rules or regulations that may be necessary or proper to carry out the provisions of this section, including the adoption of fees for the licensure of a person or an entity as described in subdivision (c). Regulations adopted pursuant to this section are exempt from the Administrative Procedure Act (Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code).

SEC. 3. Section 27533 is added to the Penal Code, to read:

27533. (a) Commencing on January 1, 2028, if the department has determined that microstamping components, microstamping-enabled semi-automatic firearms, or both microstamping components and microstamping-enabled firearms are available pursuant to subdivision (e) of Section 27532, it shall be unlawful for a firearms dealer licensed pursuant to Sections 26700 to 26915, inclusive, to sell, offer for sale, exchange, give,

**Ch. 253** — 4 —

transfer, or deliver any semiautomatic pistol unless the pistol has been certified as a microstamping-enabled pistol as defined in Section 27531. A dealer shall be in compliance with this section if the dealer relies in good faith on a written certification made by the pistol's manufacturer that the pistol is microstamping-enabled, on a written certification made by a gunsmith that serviced the pistol to install a microstamping component, or if the dealer has serviced the pistol to install a microstamping component certified by an entity licensed pursuant to subdivision (c) of Section 27532.

(b) The first violation for unlawful sale of a nonmicrostamping-enabled pistol pursuant to this section shall be punishable by a fine of not more than one thousand dollars ($1,000).

(c) The second violation for unlawful sale of a nonmicrostamping-enabled pistol pursuant to this section shall be punishable by a fine of not more than five thousand dollars ($5,000) and may result in the revocation of the dealer's license issued under Sections 26700 to 26915, inclusive.

(d) The third violation for unlawful sale of a nonmicrostamping-enabled pistol pursuant to this section is a misdemeanor and shall result in the revocation of the dealer's license issued under Sections 26700 to 26915, inclusive.

(e) This section shall not apply to any of the following:

(1) A pistol manufactured or delivered to a firearms dealer prior to January 1, 2028.

(2) A transaction conducted through a licensed firearms dealer pursuant to Chapter 5 (commencing with Section 28050) of this division.

(3) The sale, offer for sale, exchange, giving, transfer, or delivery of a semiautomatic pistol to a gunsmith or other qualified entity for the purposes of service or repair, including for installation of a microstamping component, or to any other person, firm, corporation, or other entity that holds a valid federal firearms license issued pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

SEC. 4. Section 27534 is added to the Penal Code, to read:

27534. (a) A person who modifies a microstamping-enabled pistol or microstamping component with the intent to prevent the production of a microstamp is, for a first offense, guilty of a misdemeanor punishable by imprisonment in the county jail not exceeding six months, by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment, and for a second or subsequent offense, is guilty of a misdemeanor punishable by imprisonment in the county jail of not more than one year, by a fine of not more than two thousand dollars ($2,000), or by both that fine and imprisonment.

(b) Subdivision (a) shall not apply to a pistol manufactured prior to the effective date of this section.

(c) For the purposes of this section, it shall not be unlawful to replace the microstamping component of a microstamping-enabled pistol when the component is damaged or in need of replacement with another valid

microstamping component for the safe use of the firearm or replacing a microstamping component for a legitimate sporting purpose.

SEC. 5.  Section 27534.1 is added to the Penal Code, to read:

27534.1.  (a) It shall be unlawful to knowingly or recklessly provide a false or misleading certification that a firearm is microstamping-enabled, as defined in Section 27531.

(b) If a court determines that any person or entity has violated this section, the court may award either or both of the following:

(1) Civil penalties in the amount of ten thousand dollars ($10,000) for each firearm in violation.

(2) Injunctive relief sufficient to prevent the person or entity from further violations of this section.

SEC. 6.  Section 27534.2 is added to the Penal Code, to read:

27534.2.  The Department of Justice is authorized to adopt regulations to implement Sections 27533, 27534, 27534.1, and 31910. Regulations adopted pursuant to those sections are exempt from the Administrative Procedure Act (Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code).

SEC. 7.  Section 31910 of the Penal Code is amended to read:

31910.  (a) As used in this part, "unsafe handgun" means any pistol, revolver, or other firearm capable of being concealed upon the person, for which any of the following is true:

(1) For a revolver:

(A) It does not have a safety device that, either automatically in the case of a double-action firing mechanism, or by manual operation in the case of a single-action firing mechanism, causes the hammer to retract to a point where the firing pin does not rest upon the primer of the cartridge.

(B) It does not meet the firing requirement for handguns.

(C) It does not meet the drop safety requirement for handguns.

(2) For a pistol:

(A) It does not have a positive manually operated safety device, as determined by standards relating to imported guns promulgated by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives.

(B) It does not meet the firing requirement for handguns.

(C) It does not meet the drop safety requirement for handguns.

(D) Commencing July 1, 2022, for all centerfire semiautomatic pistols that are not already listed on the roster pursuant to Section 32015, it does not have a chamber load indicator.

(E) Commencing July 1, 2022, for all centerfire or rimfire semiautomatic pistols that are not already listed on the roster pursuant to Section 32015, it does not have a magazine disconnect mechanism if it has a detachable magazine.

(b) The Department of Justice shall, for each semiautomatic pistol newly added to the roster pursuant to Section 32015, remove from the roster exactly three semiautomatic pistols lacking one or more of the applicable features described in subparagraphs (D) and (E) of paragraph (2) of subdivision (a) and added to the roster before July 1, 2022. Notwithstanding those

subparagraphs, each semiautomatic pistol removed from the roster pursuant to this subdivision shall be considered an unsafe handgun. The Attorney General shall remove semiautomatic pistols from the roster pursuant to this subdivision in reverse order of their dates of addition to the roster, beginning with the semiautomatic pistol added to the roster on the earliest date and continuing until each semiautomatic pistol on the roster includes each of the applicable features described in those subparagraphs.

SEC. 8. No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution because the only costs that may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

O

# CERTIFICATE OF SERVICE

Case Name: **Boland, Lance, et al. v. Robert Bonta, et al. [Appeal]**   No. **23-55276**

I hereby certify that on October 5, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**LETTER TO CLERK OF THE COURT RE: DEFENDANT-APPELLANT'S CITATION OF SUPPLEMENTAL AUTHORITY PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 28(J)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 5, 2023, at Los Angeles, California.

Gail Agcaoili
Declarant

Signature

SA2023301763